MICHAEL A. EMMA, RELATOR, v. LOGGIA FASCI ITALICI, No. 16, ORDER SONS OF ITALY IN AMERICA ET AL., DEFENDANTS.

Argued May 3, 1927—Decided November 11, 1927.

**Corporations—Fraternal Societies—Membership of Relator Canceled Because He was a Member of Another Society and the By-laws Prevented Membership in the Two Societies by the Same Person at the Same Time—Held, That Statements Set up in Affidavit are Sufficient to Entitle Applicant to an Alternative Writ of Mandamus.**

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Charles C. Giffoniello.*

PER CURIAM.

This is an application for a writ of *mandamus*. An affidavit of Michael A. Emma, the applicant, sets forth the formation of a fraternal organization known as "Order Sons of Italy in America" that subordinate lodges of this organization were formed; that in November, 1912, he became a member of Loggia C. B. Conte Di Cavour, No. 40, Order Sons of Italy, and entitled to full privileges therein; that in the month of September, 1916, he was one of the founders

of Loggia Cesare Battisti "802 Sons of Italy"; that in the month of December, 1917, the two lodges mentioned with a large number of other lodges of the "Order Sons of Italy" were united into an order with the "Order Sons of Italy in America" under the latter name; that in the month of April, 1918, he was admitted as a member in the "Fondo Unico Mortuario," which is a mortuary fund administered by a separate division of the order last mentioned; that in the month of October, 1922, the said "Loggia Cesare Battisti, No. 803, Sons of Italy in America," was merged with four other lodges into a lodge known as "Loggia Fasci Italici, No. 16, Order Sons of Italy in America"; that he was a member in good standing of the first mentioned lodge and was taken in as a member in good standing in the last mentioned lodge; that on March 29th, 1920, he was admitted as a member in good standing into the "Loggia Savoia, No. 102, Independent Order Sons of Italy"; that this lodge had the same objects as the other lodges mentioned; that on February 24th, 1925, he received a letter from the "Loggia Fasci Italici, No. 16, Order Sons of Italy in America," in which he was requested to resign from the said lodge because he was a member in good standing in the Independent Order Sons of Italy, and because the by-laws of Order Sons of Italy in America prohibited a person from belonging to the two orders at one time; that on February 27th, 1925, and on April 14th, 1925, he forwarded to the said Loggia Fasci Italici, No. 16, Order Sons of Italy in America, moneys to be credited to his account; that these moneys were retained until July 16th, 1925, when they were returned with the statement that he had been canceled from the list of members and that the "Grand Lodge Sons of Italy in America had issued new laws and edicts that any persons holding membership in any order or associataion akin and particularly to the Independent Order Sons of Italy must resign;" that he refused to resign from the Independent Order Sons of Italy and was therefore canceled from the books of Loggia Fasci Italici, No. 16; that the rules and regulations referred to are unjust and invalid; that his dues should be accepted, and that he should be rein-

stated with all his rights and privileges in the Loggia Fasci Italici, No. 16, Order Sons of Italy in America, and the said mortuary fund.

We think the facts set forth in this affidavit are sufficient to entitle the applicant to an alternative writ of *mandamus*. An alternative writ is allowed.